Chief Justice Robertson
delivered the Opinion of the Court.
The only question in this case, is whether, on an enquiry of damages, in an action of slander, the defendant has a right to prove, in mitigation, the fact that “the plaintiff was and had for a considerable time been his enemy.”
Whatever diversity may appear in the adjudged cases, we have no doubt that, ever since the leading nisi prius case of Underwood vs. Park, reported in Strange, any fact that tends to show the motive for uttering slander, or the circumstances accompanying the publication of it, and which would not amount to a justification which should be pleaded, is admissible as evidence in aggravation or mitigation of damages.
But the difficulty of applying that general rule to this case, arises from the doubt whether the fact that the plaintiff was hostile to the defendant, should, in any degree, palliate the presumed maliciousness of the slander, blunt its poignancy, or qualify its injurious effect on the character of the plaintiff.
The declaration shows that the slanderous words were addressed to the plaintiff, and in the heat of passion. Should the plaintiff’s hostility to the defendant be any apology for the excitement which accompanied, and perhaps prompted, the utterance of the slander?
Had the plaintiff provoked the defendant by injurious acts or disparaging epithets, it would seem to us that that circumstance might have been some palliation of the wrongful imputation then made by the defendant. Will the sight or presence of an enemy be entitled to a similar effect?
We cannot say that it should. The simple fact that the plaintiff was the defendant’s enemy, might have *324 generated the motive for the slander, for the unjustifiable purpose of thus having revenge; and if so, that would be a circumstance in aggravation rather than in mitigation of the charge.
We cannot presume that the plaintiff’s hostility should or would, if it had been proved, have had any mitigating influence. Prima facie, it seems to us that it should not.
Moreover, the bill of exceptions does not show that the hostility which the defendant offered to prove, existed at the time of the publication of the slanderous words.
Wherefore, though the judgment, for a thousand dollars, may be hard and oppressive, we do not feel authorized to reverse it, on the ground relied on, and which is the only one presented for revision.
Wherefore, the judgment of the Circuit Court must be affirmed.